*Eaves & Prentice, for appellants.*

---

LOUISVILLE & NASHVILLE R. Co. *v.* SAMUEL LOCKMAN.

**Common Carrier's Liability.**
> While the liability of a common carrier may be limited to a certain extent by a contract fairly made with the shipper, such carrier may not be released by such a contract from damages caused by the negligence of its agents or servants in charge of the train.

APPEAL FROM MADISON CIRCUIT COURT.

February 6, 1878.

OPINION BY JUDGE COFER:

The liability of a common carrier may be limited to a certain extent by a special contract fairly made with the shipper.

But such contracts will only be upheld to the extent that they are deemed reasonable, and hence it has been held that a carrier cannot exempt himself from liability for the injury or loss of property delivered to him for transportation, when occasioned by the negligence of himself or his agents or servants.

The appellee released the appellant from all liability for all injury or loss which the animals shipped might suffer in consequence of

52

any of them being weak, or escaping, or injuring themselves, or in consequence of overloading, heat, suffocation, fright or viciousness, etc., and from all damages incidental to railroad transportation which should not be caused by the fraud or gross negligence of the railroad company.

The latter clause of the release was invalid (*Louisville, Cincinnati & Lexington R. Co. v. Hedger,* 9 Bush 645) and should be construed as if it had read "not caused by the negligence of the railroad company or its agents or servants." Thus understood and construed the agreement was valid.

There was no evidence conducing in any degree to prove that any injury the animals may have sustained was occasioned otherwise than by some of the causes from liability for which the company had been released, or from the negligence of the agents or servants of the company, so that the real and only question in the case which ought to have been submitted to the jury was whether the injuries, if any, were occasioned by the negligence of those in charge of the train. That being the case the appellee had the burden of proof and was bound, in order to entitle himself to a verdict, to prove affirmatively that the injuries were caused by negligence, or to prove facts from which the jury might presume negligence.

The appellee undertook to go with the train, and if he had done so might have ben able to show how the alleged injuries were caused. His right to a recovery depends, according to his agreement and the uncontradicted evidence, upon the existence of negligence, and he could not, by abandoning the train and absenting himself from his post, cast upon the company the burden of proving that there had been no negligence on the part of its agents or servants which caused the injuries.

The character and extent of the injuries were proper to be considered by the jury in deciding whether those in charge of the train had been guilty of negligence, but could not serve to shift the burden of proof on to the company. Whether the character and extent of the injuries justified the conclusion that they had been caused by negligence was a question for the jury, and the court erred in telling them that if the injuries were more than are ordinarily incident to the transportation of such animals for such a distance the burden of proving that they had not been caused by negligence was on the company.

Judgment *reversed* and cause remanded for a new trial upon principles not inconsistent with this opinion.

*Chenault, Bennett, for appellant.　Smith & Little, for appellee.*